[No. 20700.    Department One. — November 21, 1890.]

THE   PEOPLE,   RESPONDENT,   v.  JOHN   E.  LATTI-
MORE, APPELLANT.

CRIMINAL  LAW — ARSON — EVIDENCE — PREVIOUS  FIRES — DECLARATIONS
OF DEFENDANT — THREATS. — Upon the trial of one accused of arson, it
is not error to introduce in evidence conversations between the defend-
ant and different persons, at different times before the fire, as to former
fires upon the same property, in which the defendant used expressions to
the effect that the former fires were nothing to what would happen in
the future, and other like expressions of a threatening character, indicat-
ing an intention to burn certain persons out.

ID. — PROOF  OF  INTENT — PREVIOUS  ARSON. — Evidence tending to show
that the defendant started one of the former fires, to which allusion had
been made in such conversations, by which another building on the same
premises was burned, is admissible, as cumulative evidence tending to
prove his intent to commit the arson charged.

ID. — ALIBI — INSTRUCTION — SCRUTINY OF EVIDENCE. — The defense of *alibi*
is not one requiring that the evidence given in support of it should be
scrutinized otherwise or differently from that given in support of any
other issue in the cause; but an unnecessary instruction in regard to the
scrutinizing of such evidence is not ground of reversal, if the charge of
the court, taken as a whole, contains a full and fair exposition of the law.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*Bower & Grant,* for Appellant.

*Attorney-General Johnson,* and *Frank P. Kelly,* for Re-
spondent.

Fox, J.— Conviction of arson, motion for new trial
denied, and defendant appeals. Only two points are
made in the brief of appellant.

1. That it was error to admit certain evidence of other
burnings of property on the rancho of Chapman, the
place where the fire in this instance occurred. The evi-
dence against the defendant in this case was almost
entirely circumstantial. Among other circumstances

tending to connect the defendant with the burning, two or three conversations between the defendant and different persons, at different times, were shown, in which the fact of former fires upon the rancho was discussed, and the defendant used expressions to the effect that these were nothing to what would happen in the future, and other like expressions of a threatening character, indicating an intention to burn the Chapmans out. These conversations were not introduced for the purpose of connecting the defendant with the former burnings, but simply to show his threats as to the future. They all occurred before the present fire, and there was no error in their admission. Subsequently, two witnesses were called, and interrogated as to the circumstances of one of the former fires, to which allusion had been made in these conversations, and they gave testimony strongly tending to show that the defendant started the fire to which reference was made. The fire referred to in this evidence was the burning of another building on the same premises, and belonging to the same person as the one for which the defendant was being prosecuted in this case, and to the same person against whom the threats already proved had been made. Under the rule laid down in *People* v. *Shainwold*, 51 Cal. 468, the evidence was admissible as further evidence tending to prove intent, although it may have been but cumulative and unnecessary. As said in the case cited, "While perhaps unnecessary, it wrought no such injury to the prisoner at the trial as to entitle him to a reversal of the judgment here."

2. One of the instructions given by the court to the jury was an exact copy of the instruction considered by this court in Bank, in the case of *People* v. *Levine*, 85 Cal. 39. We again repeat that the defense of *alibi* is "not one requiring that the evidence given in support of it should be scrutinized otherwise or differently from that given in support of any other issue

in the cause "; and we may add that if trial courts will cease to give this particular form of instruction, the ends of justice will be equally as well subserved, and the administration of the laws less embarrassed. But in this case, as in the Levine case, the charge of the court, taken as a whole, was so full and fair to the defendant that we cannot conceive that any injury resulted to the defendant from this unnecessary instruction in regard to the scrutinizing of the evidence given in support of the defense of *alibi.*

3. At the oral argument, an additional point was made, — that the evidence was insufficient to justify the verdict. We have carefully read all the evidence in the record, and find no cause for disturbing the verdict upon this ground.

Judgment and order affirmed.

PATERSON, J., concurred.

WORKS, J. — I think the instruction complained of, relating to the defense of *alibi,* was erroneous, but as the court in Bank held in *People* v. *Levine* that such an instruction was not cause for reversal, I feel myself bound by that decision.