[Crim. No. 164.   Department One.—November 19, 1898.]

THE PEOPLE, Respondent, v. FRANK ROBERTS and ED.
ROBERTS, Appellants.

CRIMINAL LAW—INSTRUCTION ASSUMING FACTS AS PROVED.—An instruc-
tion to the jury in a criminal case, which assumes that the
crime charged is proven, or that certain facts are established by
the evidence, is erroneous.

ID.—ALIBI—REASONABLE DOUBT—ERRONEOUS INSTRUCTION.—A defendant
accused of felony, who has introduced evidence tending to prove
an alibi, is not required to prove it by a preponderance of evi-
dence, or to the satisfaction of the jury, but it is sufficient if,
upon the whole evidence relating to that subject, a reasonable
doubt is raised as to the guilt of the defendant; and it is errone-
ous to instruct the jury that an alibi, "when satisfactorily
proven, is a good defense in law," and that if the jury "believe
from all the evidence" introduced before them that the defend-
ant "was not present at the time it was alleged or proven that
the crime was committed, and therefore could not have com-
mitted the crime charged in the information, and did not aid or
abet in its commission," then they should find him not guilty.

ID.—EVIDENCE— IMPEACHMENT OF WITNESS— FORM OF QUESTIONS.—
There is no inflexible rule as to the form of the questions to be
put to witnesses called to impeach the general reputation of a
witness for truth, honesty, and integrity, and objections going
more to the form than the substance of such questions, if there is
no such deviation from the general course to be followed, as
marked out by the decisions of this court, as to result in injustice
to the defendant, are not ground of reversal.

APPEAL from a judgment of the Superior Court of Lassen
County and from an order denying a new trial.   F. A. Kelley,
Judge.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, and W. M. Boardman, for Appellants.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson,
Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendants have been convicted of the
crime of grand larceny, and appeal from the judgment and
order denying their motion for a new trial.   They introduced
evidence tending to establish an alibi, and, as bearing upon this

branch of the case, the court gave the jury the following instruction: "You are instructed that if the defendant, or the defendants, was at some other place at the time it is alleged or proven that the crime was committed, it is what in law is called an alibi. When satisfactorily proven, it is a good defense in law. Whether or not an alibi was proven and established to your satisfaction in this case is a fact for you to decide from all the evidence introduced before you, and if you believe that the defendants, or either of them, was not present at the time it was alleged or proven that the crime was committed, and therefore could not have committed the crime charged in the information, and did not aid or abet in its commission, then you should find him, or them, not guilty."

The foregoing instruction is attacked by defendants. It is first claimed that the instruction is erroneous in assuming as a fact that the larceny was proven. Under the constitution of the state a judge may state to the jury what the evidence introduced at the trial is, but the power there granted gives him no right to declare as a matter of law that certain facts are established by the evidence. It follows that the contention of defendants in this regard is well founded. But the most serious objection to the instruction is presented in the fact that it assumes throughout that an alibi is a matter of defense; and the jury are told that it must be established to their satisfaction. When a jury is told that any particular fact must be established to their satisfaction, such statement can only mean that such fact must be established at least by a preponderance of evidence; yet there is no such burden cast upon a defendant charged with a crime, except in certain particular instances which are in no sense presented here. It is for the people to make a case against the defendant beyond a reasonable doubt, and the element of alibi is included in the case which the law demands the people to make out, equally with all other parts of it. If the evidence offered by defendants tended to establish an alibi to the extent that it was sufficient to raise a reasonable doubt in the minds of the jurors as to defendants' guilt, then they should have been acquitted. It is thus apparent that the alibi, to be efficacious to a defendant, need not be "satisfactorily proven," and need not be established to the satisfaction of the jury.

It is next insisted that error was committed in allowing certain questions to be asked of witnesses who were called for impeachment purposes. The evidence of these witnesses bore upon the general reputation for truth, honesty, and integrity of certain witnesses produced by the defendants. The objections here insisted upon go more to form than to substance. There is no rigid inflexible rule to be followed by counsel in the form of the questions to be addressed to witnesses when testifying to general reputation as bearing upon the question of veracity. And any deviation from the general course to be followed, as marked out by the decisions of this court, will not be held reversible error unless those deviations have resulted in some injustice to the defendant. In this case we find nothing of the kind.

For the foregoing reasons the judgment and order are reversed and a new trial ordered.

Harrison, J., and Van Fleet, J., concurred.