[Crim. No. 777. Third Appellate District.—May 22, 1924.]

THE PEOPLE, Respondent, v. J. P. GIROTTI, Appellant.

[1] EVIDENCE—JUDICIAL NOTICE—SETTING OF SUN—TIME.—A court will take judicial notice of the fact that the sun set at a certain time on a given day.

[2] CRIMINAL LAW—SALES OF INTOXICATING LIQUOR — INDEPENDENT CRIME—PREJUDICIAL ADMISSION OF EVIDENCE OF.—In a prosecution for two unlawful sales of intoxicating liquor, the defendant, for the purpose of impeaching a prosecution witness, having introduced an affidavit made by such witness in which he stated that the purchases in question were made by him from a third party, the admission in evidence of a complaint signed and verified by the district attorney and relating to the unlawful pos-

1. Judicial notice of matters relating to time, notes, 124 **Am. St. Rep.** 20; 21 **Ann. Cas.** 350. See, also, 10 **Cal. Jur.** 720; 15 **R. C. L.** 1099.
2. Evidence of other crimes in prosecution for violation of liquor law, notes, 18 **Ann. Cas.** 846; 62 **L. R. A.** 230, 290. See, also, 2 **Cal. Jur.** 1020; 8 **Cal. Jur.** 58, 599, 614; 8 **R. C. L.** 198; 15 **R. C. L.** 397.

session of liquor and the maintenance of a place by defendant where liquors were unlawfully kept and sold, which said complaint and said affidavit were not parts of the same instrument although the affidavit was attached to the complaint, was in violation of the rule that one crime cannot be established by proof of the commission of an independent crime, and was so wide a departure from the rules of evidence and so prejudicial to the rights of the defendant that it cannot be covered by the constitutional mantle of harmless error.

[3] ID.—ALIBI—INSTRUCTIONS.—In such prosecution, an instruction dealing with the fabrication of an alibi as a defense and telling the jury that they "are to scrutinize the testimony offered in the support of an alibi with care, that you may be satisfied that a fabricated defense is not being imposed upon you," should not have been given, as it not only casts an unwarranted burden upon the defendant but casts suspicion upon his defense and the evidence produced in support thereof.

[4] ID.—ALIBI—EVIDENCE—CONSIDERATION OF BY JURY.—Where a defendant presents substantial proof of an alibi, the jury should be left free to pass upon the weight thereof, under the rules of evidence applicable to other questions of fact; and if unsubstantial proof is produced, the jury may be trusted to reject it.

---

(1) 23 C. J., p. 165, sec. 1990.   (2) 16 C. J., p. 571, sec. 1111, p. 605, sec. 1174; 17 C. J., p. 320, sec. 3662.   (3) 16 C. J., p. 979, sec. 2379.   (4) 16 C. J., p. 924, sec. 2281, p. 929, sec. 2290.

APPEAL from a judgment of the Superior Court of Merced County and from an order denying a new trial. E. N. Rector, Judge. Reversed.

The facts are stated in the opinion of the court.

Edward Bickmore and Frank C. Hale for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—By separate counts in the information the defendant was charged with two unlawful sales of intoxicating liquor, one alleged to have been made on the 18th and the other on the 22d of October, 1923. He was convicted of

---

3. See 8 Cal. Jur. 336; 8 R. C. L. 221, 224; 14 R. C. L. 780.
4. Proof of alibi, note, 8 Ann. Cas. 1189. See, also, 7 Cal. Jur. 882; 8 R. C. L. 224, 225.

both offenses and prosecutes this appeal from the judgment and the order denying his motion for a new trial.

L. R. King, a private detective employed by the district attorney, testified that he purchased whisky from defendant as charged in both counts; that on the 22d he arrived at defendant's store at Merced Falls about 5 or 5:30 o'clock in the evening, not later than 5:30; that it was "just before sundown." [1] The court takes judicial notice of the fact that the sun set at 5:18 on that day. King testified that on his arrival at defendant's store that evening he saw defendant there and purchased liquor from him as stated. C. A. Carter, a detective employed by the district attorney of Mariposa County, testified that he accompanied King to defendant's place of business on the 22d of October and witnessed the sale of liquor by the defendant to King; that they arrived at defendant's store about 5 o'clock in the evening, possibly as late as 5:30. [2] For the purpose of impeaching the witness King, the defendant introduced an affidavit made by King on the 25th of October, 1923, in which he stated that the aforesaid purchases of intoxicating liquor on the 18th and the 22d of October were made by him from one Joe Artiense. This affidavit was attached to the complaint in an action entitled "*United States* v. *Joe Artiense, Joe Girotti, W. A. Gibbons, John Doe and Richard Roe*," filed in the superior court of Merced County on the 26th of October, 1923. The complaint alleged that the use of the buildings occupied by defendant constituted a nuisance by reason of the storage and sale of intoxicating liquors therein and prayed for a judgment abating such nuisance. The complaint was signed and verified by the district attorney on the day it was filed. The affidavit is not referred to in the complaint or made a part thereof. On the theory that the complaint and the affidavit attached thereto constituted a single document and that because the defendant had introduced a part thereof the prosecution had the right to introduce the remainder, the court permitted the district attorney, over defendant's objection, to introduce in evidence and read to the jury the whole of the complaint. The complaint alleges, among other things, that "on or about the 26th day of September, 1923, . . . a written notice, signed by the district attorney of Merced County, California, of the existence of the nuisance was served upon J. W. Gibbons; that on or about the 24th day of October, 1923, Joe Girotti was charged in the justice

67 Cal. App.—26

court No. 2 Township, Merced County, with the unlawful possession of intoxicating liquor in the building and on the property described in this complaint, and upon being duly arraigned on said charge, said Joe Girotti . . . entered a plea of guilty''; that ''said defendants, Joe Artiense, Joe Girotti, W. A. Gibbons and J. W. Gibbons used, occupied and conducted said building as and for a place of keeping, storing, selling, bartering and dispensing intoxicating liquor, in violation of the . . . 'National Prohibition Act.' ''

Section 1854 of the Code of Civil Procedure provides: ''When part of an act, declaration, conversation, or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other.'' The very terms of this section show that the complaint was not admissible in evidence. The affidavit and the complaint were not parts of the same instrument. The respective statements contained therein were made by different persons. They were not ''on the same subject''; those of the affidavit relate to sales alleged to have been made on the 18th and the 22d of October, those of the complaint relate to the unlawful possession of liquor and the maintenance of a place where liquors are unlawfully kept and sold. The statements in the complaint are purely hearsay as evidence, however sufficient they may be as a pleading. The admission of the complaint was in violation of the rule that one crime cannot be established by proof of the commission of an independent crime. Its admission was so wide a departure from the rules of evidence and so prejudicial to the rights of the defendant that it cannot be covered by the constitutional mantle of harmless error.

The evidence shows that Merced is twenty-six miles distant from Merced Falls. Carl Andre testified that he was a clerk in the employ of the Merced Produce Company, at Merced; that on the 22d of October, 1923, in the afternoon, he sold groceries to defendant of the value of more than $200; that he last saw him on that day between 5 and 5:30 o'clock in the evening; that ''I had been putting up his order at all times and this afternoon it was late, as usual, when he gave it to me and our last delivery goes out at 5 o'clock and we were waiting for our truck to pull out of there, so he could back in and load up; I know I walked from the back of the store just as our truck started to pull out and he was standing out in front and I told him to come back and get loaded up and he could go on home. . . . He was loading it on a Dort

truck.'' The sales tag made by the witness at the time of the sale, dated October 22, 1923, was admitted in evidence. S. H. Reuter, bookkeeper for Merced Produce Company, testified: "My hours in the afternoons there at the Merced Produce is from 4:30 to 6 and it was after that time he (defendant) was in to see me," October 22, 1923. The defendant testified that he left Merced about 5:30 in the evening and that it took him an hour and three-quarters to reach Merced Falls. He denied that he made either sale charged in the information. [3] If the testimony of Andre and Reuter is to be believed, then the defendant made out a substantial case of alibi. The court instructed the jury as follows:

"The effect of an alibi when established, is like that of any other conclusive fact presented in a case.

"Showing, as it does, that the party asserting it could not have been present at the time of the commission of the crime alleged in the indictment, and therefore did not participate in it, when credited, a defense of the most conclusive and satisfactory character.

"The fact, however, which experience has shown, that an alibi as a defense is capable of being and has been occasionally successfully fabricated; that even when wholly false its detection may be matter of very great difficulty; and that the temptation to resort to this as a spurious defense may be very great, especially in cases of importance;—these are considerations attendant upon this defense which call for some special suggestions upon the part of the court.

"These are, that while you are not to hesitate at giving this as a defense full weight,—that conclusive effect to which, when established, it is justly entitled, either as entirely satisfying you of the innocence of the defendant or as creating the reasonable doubt which entitles the defendant to an acquittal,—still, you are to scrutinize the testimony offered in the support of an alibi with care, that you may be satisfied that a fabricated defense is not being imposed upon you."

A similar instruction was considered in *People* v. *Lee Gam*, 69 Cal. 552, 554 [11 Pac. 183], where the court said: "Taking the charge as a whole, and giving it an unstrained interpretation, it does not appear that the jury were instructed upon the weight of the evidence." In *People* v. *Levine*, 85 Cal. 39, 42 [24 Pac. 632], it is said: "The defense of alibi is, in our judgment, not one requiring that the evidence given in support of it should be scrutinized otherwise or differently

from that given in support of any other issue in a cause."
In *People* v. *Lattimore,* 86 Cal. 403, 405 [24 Pac. 1091], it is
said: "If trial courts will cease to give this particular form
of instruction, the ends of justice will be equally as well sub-
served, and the administration of the laws less embarrassed."
In *People* v. *Roberts,* 122 Cal. 377, 378 [55 Pac. 137], the
trial court had instructed the jury that "when satisfactorily
proven," an alibi is a good defense. The supreme court
said: "When a jury is told that any particular fact must be
established to their satisfaction, such statement can only
mean that such fact must be established at least by a prepon-
derance of evidence; yet there is no such burden cast upon
a defendant charged with a crime, except in certain particu-
lar instances which are in no sense presented here. . . . It is
thus apparent that the alibi, to be efficacious to a defendant,
need not be 'satisfactorily proven,' and need not be estab-
lished to the satisfaction of the jury." In *People* v. *Smith,*
189 Cal. 31, 37 [207 Pac. 518], an instruction substantially
identical with that in the instant case was under considera-
tion. The court said: "In *People* v. *Roberts,* 122 Cal. 377
[65 Pac. 137], a similar instruction was held to be reversible
error, upon the grounds that they constitute a charge upon
the weight of the evidence, and that they cast the burden of
proof upon the defendant." If the jurors are to "be *satis-
fied* that a *fabricated* defense is not being *imposed* upon"
them, the burden is cast upon the defendant to satisfy them
that such defense is not *fabricated,* that is, that it is true.
The instruction not only casts an unwarranted burden upon
the defendant but casts suspicion upon his defense and the
evidence produced in support thereof. It is essentially an
argument against the defendant, legitimate if made by the
district attorney, but an invasion of the province of the jury
when made by the court. The giving of the instruction has
been condoned in a number of cases where the rights of the
defendants did not appear to have been prejudiced thereby.
[4] Where a defendant presents substantial proof of an
alibi, the jury should be left free to pass upon the weight
thereof, under the rules of evidence applicable to other ques-
tions of fact; and if unsubstantial proof is produced, the
jury may be trusted to reject it. The instruction should
never be given.

The judgment and the order are reversed.

Plummer, J., and Weyand, J., *pro tem.,* concurred.