[Crim. No. 1214. Second Appellate District, Division Two.—September 3, 1925.]

## THE PEOPLE, Respondent, v. JUSTIN HAMMER, Appellant.

[1] CRIMINAL LAW—RAPE—ALIBI—ERRONEOUS INSTRUCTION.—In this prosecution for rape, in which the defendant relied upon the defense of alibi, it was error for the trial court to conclude its instruction on the subject of alibi with the statement, "The fact, however, which experience has shown, that an alibi as a defense is capable of being and has been occasionally fabricated; that even when wholly false its detection may be matter of very great difficulty; and that the temptation to resort to this as a spurious defense may be very great, especially in cases of importance."

[2] ID.—ERROR WITHOUT PREJUDICE—APPEAL.—In such prosecution, although the testimony of defendant, and of three other witnesses who corroborated him, established a perfect alibi, if believed by the jury, the giving by the trial court of an erroneous instruction upon the subject of alibi does not require a reversal of the judgment, where an examination of the entire cause, including the evidence, does not disclose that the giving of such erroneous instruction resulted in a miscarriage of justice.

———

(1) 16 C. J., p. 979, n. 75.    (2) 17 C. J., p. 368, n. 5.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Perkins & Davis for Appellant.

U. S. Webb, Attorney-General, Erwin W. Widney, Deputy Attorney-General, and Hamish B. Eddie for Respondent.

———

1. Instructions disparaging defense of alibi, note, 14 A. L. R. 1426. See, also, 8 Cal. Jur. 337.

WORKS, J.—Defendant was charged with having committed rape upon the person of a girl under the age of eighteen years, the alleged victim having been of the age of sixteen at the time of the alleged offense. The jury rendered a verdict of guilty and defendant appeals from the judgment of conviction and from an order of the trial court denying his motion for a new trial.

The testimony of appellant, and of three other witnesses who corroborated him, established a perfect alibi, if the jury had elected to believe the evidence put forward by the defense upon that issue. **[1]** The trial judge instructed the jury:

"The defendant could not have been in these two places at the same time; and in this contradiction of witnesses the jury have to determine for themselves where lies the truth. In so judging they will take into consideration the appearance and apparent candor and fairness of the respective witnesses; the probability of their statements; its coincidence with other facts or features of the case which they may deem established; and generally those rules of ordinary experience and general observation by which intelligent men decide as to controverted propositions of fact.

"The effect of an alibi when established, is like that of any other conclusive fact presented in a case. Showing, as it does, that the party asserting it could not have been present at the time of the commission of the crime alleged in the indictment, and therefore did ont participate in it, is, when credited, a defense of the most conclusive and satisfactory character. That is a question to be decided by the Jury the same as any other question. .

"The fact, however, which experience has shown, that an alibi as a defense is capable of being and has been occasionally successfully fabricated; that even when wholly false its detection may be matter of very great difficulty; and that the temptation to resort to this as a spurious defense may be very great; especially in cases of importance."

It is contended that the giving of this instruction was error, and the third and last paragraph is pointed at particularly in presenting the contention. Instructions of a character like unto this, in several instances practically identical with it, have been before the courts of review of the state many times. In the earlier cases the charge as a whole

was held not to be erroneous. Later decisions characterized the matter contained in the third paragraph of the present instruction as incorrect when considered alone, but upheld the entire instruction on the ground that statements like those contained in the preceding paragraphs rendered harmless the contents of the third paragraph. The question was finally settled by *People* v. *Smith,* 189 Cal. 31 [207 Pac. 518], in which case the instruction was condemned as a whole because of the presence of the matter in the third paragraph. In passing upon the point the supreme court said that ''in *People* v. *Roberts,* 122 Cal. 377 [65 Pac. 137], a similar instruction was held to be reversible error, upon the grounds that they constitute [*sic*] a charge upon the weight of evidence, and that they cast [*sic*] the burden of proof upon the defendant.'' This conclusion was announced by the court despite the fact that the error was harmless for the reason that there was no evidence in the cause tending to prove an alibi, a circumstance indicating an evident desire upon the part of the court strikingly to warn against the giving of the instruction again. In fact, a similar note had been sounded in one of the cases in which it was determined that the concluding portion of the instruction, as it was given in the present case, was rendered innocuous by matter similar to that which here preceded it. The court then said that ''if trial courts will cease to give this particular form of instruction, the ends of justice will be equally as well subserved, and the administration of the laws less embarrassed'' (*People* v. *Lattimore,* 86 Cal. 403 [24 Pac. 1091].)

The district court of appeal of the third district has twice followed *People* v. *Smith, supra.* In the first of the two cases it was said: ''If the jurors are to 'be satisfied that a fabricated defense is not being imposed upon' them, the burden is cast upon the defendant to satisfy them that such defense is not fabricated; that is, that it is true. The instruction not only casts an unwarranted burden upon the defendant, but casts suspicion upon his defense and the evidence produced in support thereof. It is essentially an argument against the defendant, legitimate if made by the district attorney, but an invasion of the province of the jury when made by the court. The giving of the instruction has been condoned in a number of cases where

the rights of the defendants did not appear to have been prejudiced thereby. Where a defendant presents substantial proof of an alibi, the jury should be left free to pass upon the weight thereof, under the rules of evidence, applicable to other questions of fact; and, if unsubstantial proof is produced, the jury may be trusted to reject it. The instruction should never be given'' (*People* v. *Girotti,* 67 Cal. App. 399 [227. Pac. 936]). The second case decided by the court of the third district and above alluded to is *People* v. *Nichols,* 69 Cal. App. 214 [230 Pac. 997]. The trial court here erred in reading the questioned instruction to the jury.

It is to be noted that the third paragraph of the instruction is incomplete in form. The sentence which is begun in it is not concluded. We think, however, that the fact does not render the instruction harmless. Enough was given to make the instruction erroneous, as the jury must have gathered sufficient from it to create the impression conveyed by the completed instruction which was condemned in the cases above cited.

Appellant makes other points, but the only one which is argued is that in several instances the trial judge unduly limited the cross-examination of the complaining witness. It is so apparent to us that there is no merit in the contention that we dismiss the point without further remark.

[2] As required by section 4½ of article VI of the constitution, we have examined the entire cause, including the evidence, in order to ascertain whether the error of the trial court in giving the instruction upon the law of alibi has resulted in a miscarriage of justice. After the examination we have concluded that justice has not miscarried and that, therefore, the error of the court does not require a reversal. Appellant took the stand as a witness in his own behalf. He denied the commission of the crime with which he was charged, but he testified to other matters which convince us of his guilt. Some weeks after the date of the alleged crime, as testified by the father of the complaining witness and as admitted by appellant, the former called upon appellant, charged him with the crime and asked what he proposed to ''do about'' the occurrence. Appellant admits that he then expressed a willingness to marry the girl. Why this result did not follow it is not material to

state. Two witnesses, one a probation officer, the other a policewoman, testified that after appellant's arrest and incarceration he again expressed a desire to wed his victim and he admitted the truth of this testimony on the witness-stand. The evidence shows without dispute that the complaining witness was pregnant at the time of the interview between her father and appellant. Appellant testified that he did not know of the state of affairs until the time of his preliminary examination, when it was disclosed by the testimony against him. He admitted, however, that his conversation with the probation officer occurred after the preliminary examination. We quote from the record, premising the remark, in order that the excerpt may be thoroughly understood, that the probation officer had been asked on cross-examination whether appellant had not said that he wanted to marry the girl in order to get out of jail: "Q. Did you tell the probation officer at that time, the lady that was just on the stand, that you were ready and willing to marry the girl? A. Yes, I told her I didn't want to marry the girl on account of my getting out of trouble, out of jail, or anything of that kind, but I would marry her anyway. Q. Notwithstanding that you had never had any sexual intercourse with her, and you knew at that time she was pregnant? A. I didn't know anything about that. Q. At that time the probation officer talked to you, you didn't know anything about that? A. I didn't know that before the preliminary examination. Q. Didn't the probation officer talk to you after the hearing? A. Maybe it was. I don't remember. Q. Didn't the probation officer talk to you after the hearing? A. Yes, it was after the hearing. That is right. Q. You told her at that time you were willing to marry the girl provided you could obtain the consent of her parents? A. Yes." To our minds the testimony of appellant is utterly inconsistent with the idea of his innocence. We cannot believe, paying due regard to the feelings and motives which impel human conduct, that appellant could have been so chivalric as to propose and urge a marriage under the conditions admitted by him to exist. He swears he did not violate the prosecuting witness. She had, then, charged him falsely with one of the most serious offenses in the catalogue of crime. Under his claim of innocence she was pregnant with the child of some other man.

We cannot believe that under such circumstances he would have been eager to make her the wife of his bosom, especially as his offer did not come "on account of my getting out of trouble, out of jail, or anything of that kind." Our only recourse, then, is to believe that he did violate the complaining witness. This conclusion, of course, forces the view that the defense of alibi was fabricated. That result, under all the circumstances of the case, is perhaps not strange. The witnesses who corroborated appellant upon the issue were his son, his daughter, and a friend who was constantly at his home. While we may not condone, in any case, the production of fabricated evidence, we nevertheless cannot greatly wonder at such a response as was here made to a cry of distress from father and friend. Such instances of a beclouding of the well-springs of justice are not altogether rare.

Judgment and order affirmed.

Finlayson, P. J., and Craig, J., concurred.