[Crim. No. 1662.   Second Appellate District, Division Two.—July 5, 1928.]

THE   PEOPLE,   Respondent,   **v.**   JAMES   GARRETT, Appellant.

George W. Rochester for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

CRAIG, J.—The defendant appeals from a judgment of conviction. He was charged by information with the unlawful sale of intoxicating liquor, the offense being also designated as "the crime of high misdemeanor." A number of alleged errors of the trial court are assigned as grounds for reversal. From the view we take of some of them it will be unnecessary to consider others.

During the trial the witness Matthews, called by the prosecution, and while under cross-examination, was asked, reference being made to the defendant: "You have seen him at other times, have you?" The witness answered: "Yes, I have seen him out there before and bought liquor from him." Defendant's counsel moved to strike the answer as not responsive, and the court denied the motion, saying: "You brought it out on cross-examination." Of course, the question did not call for that part of the answer which indicated that the defendant had been guilty of other offenses of the same character as the one for which he was on trial. All of the answer except the word "Yes" should have been stricken out, and the denial of the motion was error.

The following instruction was offered by the defendant, and refused:

"I further instruct you that if this evidence, which is for the purpose of establishing an alibi, is sufficient in your minds to create a reasonable doubt whether defendant was present at the place where the crime charged is alleged to have been committed, or at some other place where he could

not have committed it, then you should give defendant the benefit of such doubt and acquit him.''

This instruction was a proper one, and contained a correct statement of the law. (*People* v. *Winters*, 125 Cal. 325 [57 Pac. 1067].) It should have been given, for where evidence tending to prove an alibi is given the defendant is entitled to a specific instruction dealing with that issue. (*People* v. *Wong Loung*, 159 Cal. 520 [114 Pac. 829] ; *People* v. *Visconti*, 31 Cal. App. 169 [160 Pac. 410].) No element of such an instruction could be of greater importance than that which would inform the jury as to the degree of proof required of the defendant to support his claim of alibi. If he is entitled to a special instruction upon any point, it is upon this one. ■ The effect of the error in refusing to give an instruction of the same import as that offered is clearly made more deleterious by the court having, by another instruction, warned the jury against the danger of alibi evidence being fabricated, using the following language:

''The court instructs you that evidence to establish an alibi, like any other evidence, may be open to special observation; persons may perhaps fabricate such evidence with greater hopes of success, or less fear of punishment than most other kinds of evidence and honest witnesses may often mistake dates and periods of time, identity of persons seen, and other things about which they have testified, and such evidence should be scrutinized with care and the jury should avoid being imposed upon by a fabricated defense.''

The giving of this instruction is also assigned as error. It is true that in a number of cases where an instruction similar to the one in question was given convictions were upheld. However, in no decision in this state to which our attention has been called has this form of instruction been given unqualified approval. On the contrary, it has repeatedly been the subject of adverse criticism. The reference in it to evidence of an alibi as a defense is objectionable. (*People* v. *Roberts*, 122 Cal. 377 [55 Pac. 137] ; *People* v. *Winters, supra.*) There is no reason why evidence tending to show that at the time of the commission of the offense the defendant was at another place than that at which it was committed so that he could not have been a party thereto should be scrutinized differently from any

other proof. As was said in *People* v. *Lattimore*, 86 Cal. 403 [24 Pac. 1001]: "if trial courts will cease to give this particular form of instruction, the ends of justice will be equally as well subserved, and the administration of the laws less embarrassed." That opinion then adds: "But in this case, as in the Levine case, the charge of the court, taken as a whole, was so full and fair to the defendant that we cannot conceive that any injury resulted to the defendant from this unnecessary instruction in regard to the scrutinizing of the evidence given in support of the defense of alibi." In this and other decisions, where it has been said that it is undesirable to give instructions of this nature, the instructions, taken as a whole, have been full and fair and have made the law clear as to the particular issues tendered by the evidence of an alibi; but in the instant case this is not true. No other instruction was given on the subject, and the one first above quoted containing a correct statement of the law was refused. The giving of a general instruction to the effect that the jury must be convinced of the guilt of the defendant beyond a reasonable doubt to convict was not sufficient to remove the prejudice to the defendant necessarily resulting from the errors above specified. (*People* v. *Visconti, supra.*)

The record presented does not warrant upholding the judgment appealed from under article VI, section 4½ of the constitution. Without reciting the evidence in detail, it is sufficient to say that in addition to the testimony in support of the defendant's claim of alibi, a direct conflict was presented upon all other material points. It is not only possible, but quite probable, that had the members of the jury been informed that if the evidence tending to prove an alibi was sufficient to raise a reasonable doubt in their minds as to the guilt of the defendant they must acquit, the result might have been different and the defendant found not guilty.

Of course, it is improper to designate the offense charged as a "crime of high misdemeanor." There is no grade of misdemeanors legally known as "high misdemeanors" in this state. However, in view of the fact that the offense is clearly and unambiguously charged in the information as follows: "That the said James Garrett on or about the 6th day of December, 1927, at and in the county

of Orange, State of California, and before the filing of this information, did wilfully and unlawfully sell, for beverage purposes, about one pint of intoxicating liquor, . . . then and there containing alcohol in excess of one-half of one per cent," we do not deem the misnomer of its classification as prejudicially erroneous. But since the information is subject to criticism in that regard, of course, the court should not, as it did, have enlarged upon the mistake by using the same designation in its instructions.

The judgment appealed from is reversed.

Works, P. J., and Thompson, J., concurred.