[Crim. No. 21. Fourth Appellate District.—March 6, 1930.]

THE PEOPLE, Respondent, v. WILLIS THORP, Appellant.

E. L. Johnson for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

MARKS, J.—Under an information filed by the district attorney of San Diego County on November 4, 1929, appellant was convicted of the crime of forgery alleged to have been committed by him on March 3, 1928. He was sentenced to confinement in the state penitentiary for the term prescribed by law.

Appellant complains of errors of the trial court in the admission and rejection of evidence, of instructions to the jury, and of misconduct of the district attorney during the trial, and relies upon them for a reversal of the judgment.

The alleged errors in rulings on the evidence occurred in connection with the identification and admission in evidence of a photograph which respondent urges was used for the purpose of assisting witnesses to identify the appellant. The picture was evidently taken in a criminal investigation bureau. The forged check was drawn on the First National Trust and Savings Bank of San Diego, in favor of the First National Bank Trust and Savings, in the sum of $151.13, and was used to purchase travelers' checks of the American Express Company. A certain signature card, and another forged check were also involved. None of the bank employees could identify the appellant as the man connected with either transaction. Other than the testimony concerning the photograph, the only evidence connecting him with the forgery was that of a handwriting expert who testified for the People that admitted writings of the appellant and the writings on the checks and signature cards were written by one and the same person, and the

testimony of a witness who was a lobby man at one of the banks who said that the appellant looked like the same man who had signed the signature card and deposited one of the forged checks in the bank.

The principal testimony in connection with the identification of the photograph occurred in the evidence of P. J. Slattery, a police officer of the city of San Diego. The transcript shows that the following occurred:

"Q. Now, did you make any investigation of the crime with which this defendant is charged? A. I did. Q. And what did that investigation consist of? A. Well, I interviewed the complaining witness, and he gave me a description of this man, of this special— Mr. Johnson: Just a moment, we object upon the ground that is incompetent, irrelevant and immaterial, calling for hearsay testimony. Mr. Clark: He is not testifying to any hearsay. He is simply testifying that he was given a description. We are not going into what he said. The Court: Objection overruled. A. I was given a description of this defendant—I mean given a description of the man who is presumed to have passed this check at the First National Bank, and took this matter up with the American Railway Express Company in a letter. Mr. Johnson: Just a moment, now, we object to this upon the ground it is wholly incompetent, irrelevant and immaterial, and hearsay. The Court: Overruled— objection overruled. A. (Continuing): And after writing them and explaining what our investigations were here with reference to this check, we received a photograph from the American Railway Express Company's office at 609 West Seventh street, Los Angeles, and that photograph was taken to the complaining witness, Mr. Hadley, and Mr. Hadley identified the photograph as the man that passed the check. Mr. Johnson: Just a moment, now, we move to strike out the entire answer, upon the ground that it is incompetent, irrelevant and immaterial, and is the conclusion and opinion of the witness, and hearsay. The Court: Were you present when he identified the photograph? A. Yes, sir. The Court: Objection overruled. By Mr. Clark: Q. Now, did you show this photograph to anyone else? Mr. Johnson: I make the objection that it is wholly incompetent, irrelevant and immaterial. The Court: Objection overruled. A. On the same date the photograph was shown

to Mr. Cosgrove, who at that time was in charge of the new accounts department of the Southern Trust & Commerce Branch of the Bank of Italy, and he identified the photo. Mr. Johnson: We move to strike out that he identified the photo, on the ground it is incompetent, irrelevant and immaterial, and hearsay. By Mr. Clark: Q. That was in your presence? A. Yes, that was in my presence. Mr. Johnson: That doesn't alter the situation, may it please the Court. That is hearsay and we move to strike it out on the ground it is incompetent, irrelevant and immaterial, and hearsay. The Court: The motion is denied. A. (Continuing): And also on the same day, in my presence, Mr. Leach, who at that time was floor man at the Southern Trust & Commerce Bank—Southern Trust Branch of the Bank of Italy, identified the photograph. Mr. Johnson: I move to strike that out as being incompetent, irrelevant and immaterial, and hearsay. The Court: The motion is denied. By Mr. Clark: A. Now, I call your attention to People's Exhibit Nos. 5 and 6, and I will ask you if you have seen these before? A. I have. Q. When and where did you first see them? A. Well, I seen them at the Southern Trust Branch of the Bank of Italy. Q. Who showed them to you there? A. Mr. Cosgrove. Q. Was that at the time you showed this photograph to Mr. Cosgrove? A. That was afterwards—I had received these—these were turned over to me and then I showed him the photograph afterwards. Q. Have you that photograph? A. Yes, sir. Q. That you showed these parties? Mr. Clark: At this time we will offer this photograph in evidence as People's Exhibit next in number. Mr. Johnson: I make the objection it is wholly incompetent, irrelevant and immaterial, based upon hearsay testimony. The Court: I don't know whether a proper foundation has been laid for it or not. Mr. Johnson: And we make the further objection, no proper foundation has been laid. The Court: The objection is good on that ground. Mr. Clark: If the Court please, it is not introduced as being necessarily the photograph of this defendant, but it is introduced for what it is worth, for the jury to see. The jury are entitled to see this testimony that certain individuals identified as the photograph of this defendant. The Court: There is nothing in evidence to show where the witness got the photograph. Mr. Clark: He testified where

he received it. The Court: Objection overruled. It may be taken out of the file—it may be taken out of this file, Mr. Slattery? A. Yes, sir. Mr. Clark: What number is it, Mr. Clerk? The Clerk: Seven. Mr. Johnson: I do not know whether we have fully covered our objections, your Honor, but we object to the introduction of the photograph on the ground that there is no proper foundation for its introduction laid, and upon the further ground that it is incompetent, irrelevant and immaterial, not germane to any issue in the case, and it is entirely based upon hearsay statements and hearsay testimony. The Court: The objection is overruled.''

The Mr. Hadley and Mr. Cosgrove and Mr. Leach referred to were all in court and testified for the People. Appellant's counsel moved to strike out all the foregoing testimony concerning the identification of the photograph and the photograph itself, which motion was denied. Counsel for the People recalled Leach, who testified as follows:

''Now, Mr. Leach, I show you the photograph, People's Exhibit No. 7, and I will ask if you have seen that photograph before. A. Yes, sir. Q. Approximately when was that, if you remember? A. I could not give you the date—some time ago. Q. Who was it that showed you that photograph? A. Sergeant Slattery, city detective. Q. Now, at that time, did you have any conversation with him in regard to this photograph? A. I cannot recall—I may have. Q. I will ask you whether or not you identified this photograph as being a photograph of the man you saw there in the lobby of the bank. A. I think I did. Mr. Johnson: Just a moment, I object to that on the ground it is wholly incompetent, irrelevant and immaterial, calling for the opinion and conclusion of the witness, based upon hearsay testimony. The Court: Objection overruled. A. I think I did.''

Hadley was also recalled, and the following occurred:

''Q. Now, I show you the photograph, People's Exhibit No. 7, and I will ask you if you have seen that photograph before. A. Yes, sir. Q. By whom was that photograph shown you? A. Why, it was by the detectives' department of the San Diego police. Q. Was it Sergeant Slattery? A. I do not recall whether it was Sergeant Slattery or not. Q. You do not recall the individual? A. No. Q. At any

time that picture was shown you, did you identify that as being the picture of the man who had purchased these traveler's checks at your window and passed the $151 check—just answer 'Yes' or 'No.' Mr. Johnson: Just a minute, we object to that on the ground it is incompetent, irrelevant and immaterial, calling for the opinion and conclusion of the witness, based on hearsay testimony. The Court: Objection overruled. A. Yes, sir."

Cosgrove was recalled and testified that Slattery had shown him the photograph. Neither Leach nor Hadley were asked if they could identify the defendant as the man presenting the checks. Cosgrove testified that he could not identify the defendant.

The foregoing excerpts from the transcript furnish an extreme illustration of a prosecutor, by indirection, and by the use of hearsay and incompetent testimony, attempting to bolster up a weak case against a defendant where there was no satisfactory evidence identifying him as the man who committed the crime. Section 4½ of article VI of the Constitution was not intended to apply in a case of this kind. The error was prejudicial to the defendant, and his conviction cannot be sustained. (*People* v. *Turner*, 93 Cal. App. 133 [269 Pac. 204]; *People* v. *Vasquez*, 93 Cal. App. 448 [269 Pac. 549]; *People* v. *Adams*, 92 Cal. App. 6 [267 Pac. 906].)

The defendant testified that he was never in San Diego prior to his arrest, over a year after the forgery. He presented some evidence in support of this alibi. The trial court instructed the jury on the question of the defense of an alibi along the lines of the instruction given in the case of *People* v. *Lee Gam*, 69 Cal. 552 [11 Pac. 183]. This instruction has been criticised in many cases and should not be given. (*People* v. *Girotti*, 67 Cal. App. 399 [227 Pac. 936]; *People* v. *Roberts*, 122 Cal. 377 [55 Pac. 137]; *People* v. *Smith*, 189 Cal. 31 [207 Pac. 518]; *People* v. *Arnold*, 199 Cal. 471 [250 Pac. 168].)

The other errors complained of will, in all probability, not occur at another trial of the case.

The judgment is reversed, with directions to the trial court to grant appellant's motion for a new trial.

Sloane, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 20, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1930.

All the Justices concurred.