[Crim. No. 366.   Fourth Appellate District.—August 25, 1938.]

THE PEOPLE, Respondent, v. LAWSON O. GIST, Appellant.

288

Fred D. Johnston for Appellant.

U. S. Webb, Attorney-General, R. S. McLaughlin, Deputy Attorney-General, W. F. Menton, District Attorney, and Preston Turner, Deputy District Attorney, for Respondent.

THOMPSON (GORDON), J., *pro tem.*—The information in this case charged the defendant with the offenses of kidnaping, robbery and grand theft of an automobile.

Appellant urges all of the statutory grounds for a reversal of the judgment.

The evidence discloses that on the 25th day of February, 1938, at 10 P. M., one James K. Givens was seated in an automobile in front of the Coast Ice Cream Company on North Main Street in the city of Santa Ana, California. As he listened to the news broadcast, defendant approached the automobile and inquired as to the location of Orange Avenue. This conversation was through the open window of the automobile. After giving defendant directions to Orange Avenue, Givens resumed listening to the broadcast. A few minutes later, defendant again approached the automobile, opened the door and entered. He seated himself to the right of Givens. Defendant had a gun in his left hand and closed the door of the automobile with his right hand. He placed the gun against the body of Givens and stated, "This is a

holdup. Get your motor started and get going down the street.'' In compliance with this command, the automobile was driven some ten blocks from where the defendant had entered it. At this point, defendant demanded, at the point of a gun, that Givens stop the automobile, give him his money, get out of the car and start walking. Givens thereupon gave the defendant his wallet containing $1.15 and alighted from the automobile. The automobile was then driven away by the defendant. The defendant was tried by a jury and convicted of the three counts charged in the information. This appeal is from the judgment and the order denying his motion for a new trial.

■ The appellant assigns as error the ruling of the trial court in sustaining objections to evidence offered as to his physical appearance, condition and characteristics on the night of the commission of the crimes. The proffered evidence consisted of testimony that appellant at the time of the commission of the crimes had not had his hair cut for a period of approximately two months and that he had scars on his face. This evidence was rejected as immaterial, and rightfully so. The appellant was positively identified by three witnesses. These witnesses testified that they did not notice whether or not appellant had scars on his face or had had a hair cut. Two of these witnesses observed the side of appellant's face and his general appearance. They were able to identify him at the county jail. The testimony offered by appellant was wholly immaterial and in nowise tended to impeach the testimony of these witnesses.

■ Appellant also offered evidence as to his intoxication between 5 and 6 P. M. on the day of the commission of the crimes. This evidence was rejected as being too remote and immaterial. Givens testified he did not smell any odor of alcohol on the appellant at the time he was kidnaped and robbed. Appellant contends that because of this, he should have been permitted to introduce this evidence. It must be borne in mind that Givens was being kidnaped at the point of a gun. The fact that he did not smell alcohol on appellant would not discredit his testimony in identifying appellant. A person under a mental strain, such as being kidnaped, could not be expected to react as a normal individual. We believe the ruling of the court was correct.

■ Evidence was adduced by appellant that he could not write with his left hand. This evidence was stricken, on motion of the People. Appellant contends this evidence would have raised the inference that he could not have held the gun in his left hand, as testified by the witness Givens. This evidence, if admitted, would not establish that appellant could not have held the gun in his left hand. The testimony of the witness was that the door of the automobile was closed with appellant's right hand. The logical operation of a right-handed person would be to use the right hand in closing the door. Under these circumstances, to hold the gun in his left hand would be natural. The granting of the motion was not prejudicial error.

■ Appellant further assigns as error the impeachment of Neva Allsman, called as a witness for the People. This witness had given her testimony at the preliminary hearing. Appellant did not call her as his witness at the trial. She was called by the People in rebuttal. Answers given by her at the trial differed from those contained in the transcript of the testimony at the preliminary hearing. It appears from the record no one representing the People had talked to her. Appellant contends that the district attorney was guilty of prejudicial misconduct, since the witness was called for the purpose of impeachment. With this, we cannot agree. This witness was not called by appellant for a reason best known to himself. Her testimony given at the preliminary hearing had a tendency to discredit the testimony given by other witnesses in support of the defense of alibi. When called, the People had the right to assume she would testify the same as she did at the preliminary hearing. This she did not do and was impeached. Appellant contends the district attorney knew what her testimony was going to be, before she testified, and that it would differ from her testimony at the preliminary hearing. There is nothing in the record to justify this assertion. A statement by the district attorney, made during the argument, was to the effect that she was not called to the witness stand by appellant for the reason that she had testified she had not seen him after 9 o'clock on the evening of February 25th. The People were justified in calling this witness. Her evidence at the trial was contrary to her former testimony. No error could be predicated upon her impeach-

ment. ▪ While the district attorney did not announce his surprise to the court, nevertheless, this did not preclude the showing of the contrary statements made at the preliminary hearing. We find no error under these circumstances.

▪ Error is also predicated upon a comment made by the district attorney during argument, of the failure of appellant to call the witness Neva Allsman. There is no merit to this contention, due to the fact that no assignment of misconduct nor a request of the court to admonish the jury to disregard the comment, was made at the time. However, it is undoubtedly the rule that the district attorney may comment upon the failure of the defendant to produce witnesses who would substantiate his story. (*People* v. *Fitzgerald,* 14 Cal. App. (2d) 180 [58 Pac. (2d) 718].)

▪ Appellant assigns as error the giving of an instruction on alibi. The instruction is as follows:

"The effect of an alibi established, is like that of any other conclusive fact presented in a case. Showing, as it does, that the party asserting it could not have been present at the time of the offense, if you find beyond a reasonable doubt that there was an offense committed, and therefore did not participate in it, is when credited, a defense of the most conclusive and satisfactory character. The fact, however, which experience has shown, that an alibi as a defense is capable of being and has been occasionally successfully fabricated; that even when wholly false, its detection may be a matter of very great difficulty; and that the temptation to resort to this as a spurious defense may be very great, especially in cases of importance; —these are considerations attendant upon this defense which call for some special suggestions upon the part of the court.

"These are, that while you are not to hesitate at giving this as a defense, full weight—that conclusive effect to which, when established, it is justly entitled, either as entirely satisfying you of the innocence of the defendant or as creating the reasonable doubt which entitled the defendant to an acquittal—still, you are to scrutinize the testimony offered in the support of an alibi with care, that you may be satisfied that a fabricated defense is not being imposed upon you."

The court also gave the following instructions in addition to the one complained of:

"The defendant, Lawson Gist, has introduced testimony to prove an alibi. To entitle him to an acquittal, it is sufficient that such proof, considered with all other evidence, raises in your minds a reasonable doubt of his presence at the place and at the time of the crime or crimes charged in the information."

"The burden of proof is always on the prosecution. It never shifts to the defendant. He is not required to prove an alibi beyond a reasonable doubt or even by a preponderance of the evidence. It is your duty, therefore, to find the defendant, Lawson Gist, 'not guilty', unless from all the evidence you are satisfied beyond a reasonable doubt that he is guilty."

Many authorities are cited by both appellant and respondent, with reference to the questioned instruction. *People* v. *Arnold*, 199 Cal. 471 [250 Pac. 168], reviews earlier cases dealing with this instruction and, although criticized, holds that the giving of the instruction does not constitute reversible error. The Arnold case, however, calls attention of district attorneys who continue to offer, and of trial courts who continue to give, the instruction, that in so doing they assume unnecessary risk. The instructions given by the trial court, when read together, do not constitute reversible error. The jury was adequately instructed on the defense of alibi.

Appellant further contends that the denial of his motion for a new trial constituted error. Two affidavits were presented to the court. One was by a witness who had testified in the case, and one by counsel for appellant. Appellant relies on newly discovered evidence. The affidavit of the witness recited, in substance, that he resided in one half of the duplex house occupied by the Allsmans and the same was an old frame building with a thin partition between the two halves; that noises and voices in one-half of the duplex are audible in the other half and can be distinguished. That affiant did not see appellant on the night of February 25, 1938, but did see him about 7:15 A. M. the next morning. Affiant avers that he found appellant asleep in his automobile. Said automobile was parked in front of the building occupied by affiant. That he knew the Allsmans moved there on February 25, 1938, as testified by them. That when called as a witness in appellant's behalf, affiant then realized for

the first time that he had heard appellant talking at intervals of a few minutes, during the entire evening of February 25, 1938. That he did not realize the importance of this evidence and did not communicate this information to counsel for appellant until after the trial. The affidavit of appellant's counsel recites, in substance, that he learned of this evidence subsequent to the trial and conviction of appellant. Several defense witnesses had testified appellant was at his house practically all evening, and the offered evidence was cumulative. The appellant was convicted upon positive testimony. The defense of alibi created a conflict in the testimony, which was resolved in favor of the People. From the foregoing, no reversible error appears in the record.

The judgment and the order denying the motion for a new trial are affirmed.

Barnard, P. J., and Marks, J., concurred.