[Crim. No. 4432. In Bank. Mar. 25, 1943.]

THE PEOPLE, Respondent, v. JUNE COSTELLO, Appellant.

Kenneth C. Zwerin and Fabian D. Brown for Appellant.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

SHENK, J.—The defendant has appealed from a judgment of conviction on a charge of grand theft, and from an order denying her motion for a new trial. She does not contend that the evidence on behalf of the prosecution, if believed by the jury, was not sufficient to support the verdict. The grounds of the appeal are that the court erred prejudicially in rulings on the admission of evidence and in giving a certain instruction on the defense of alibi.

The evidence in support of the verdict was substantially as follows: About 9:20 p.m. on May 12, 1941, the prosecuting witness De Matei was walking toward his home. At the corner of Queseda and Jennings Streets in San Francisco he was accosted by a colored woman who was riding in an automobile which she brought to a stop on her left hand side of Jennings Street. She asked whether De Matei knew an accordion player in the neighborhood named Tony. He replied in the negative. She then alighted from the car and asked De Matei whether she had a flat tire. While his attention was diverted, she took a wallet containing $12 out of the back pocket of his trousers. She jumped into the car. In her haste in driving away she collided with an approach-

ing car. She immediately backed up and drove away. The prosecuting witness identified the defendant as the colored woman who had taken his wallet.

The corner of Queseda and Jennings Streets was not well-lighted, and the occupants of the other car were unable to identify positively the license number of the car which collided with theirs. Allen, a witness for the prosecution, lived in the same apartment house as the defendant and had on two occasions permitted her to use his car, but testified that he did not loan it to her on the night of May 12th. The defendant testified that she was in her home the entire evening of May 12th. A witness, Gilroy, testified that he had called to see the defendant's husband between 9 and 9:30 that night and that the defendant talked with him from the window of the apartment.

The trial court instructed the jury on the subject of alibi as follows:

"The effect of an alibi, when established, is like that of any other conclusive fact presented in a case, showing as it does that the party asserting it could not have been at the scene of the crime, and therefore could not have participated in it, which is, when credited, a defense of the most conclusive and satisfactory character. The fact, however, which experience has shown, that an alibi as a defense is capable of being and has been occasionally successfully fabricated, that even when wholly false its detection may be a matter of very great difficulty, and that the temptation to resort to this as a spurious defense may be very great, especially in cases of importance,—these are considerations attendant upon this defense which call for some special suggestions upon the part of the Court. Hence I respectfully suggest to you ladies and gentlemen of the jury that while you are not to hesitate at giving this as a defense full weight, that conclusive effect to which, when established, it is justly entitled, either as entirely satisfying you of the innocence of the defendant, or as creating a reasonable doubt which entitles the defendant to an acquittal, still you are to scrutinize the testimony offered in support of an alibi with care, that you may be satisfied that a fabricated defense is not being imposed upon you."

The foregoing instruction was taken practically verbatim

from the instruction involved in the case of *People* v. *Lee Gam,* 69 Cal. 552 [11 P. 183], where a conviction of murder was sustained. In that case, in holding that the giving of the instruction was not error, the court said that it did "not appear that the jury were instructed upon the weight of evidence." The court adopted the language just quoted from *People* v. *Wong Ah Foo,* 69 Cal. 180, 183 [10 P. 375], which, however, involved a different instruction on alibi. The instruction in the Wong case in effect left to the jury the same consideration of alibi as of other evidence. Apparently the Lee Gam case has been the basis for the instruction objected to herein or a similar instruction in subsequent cases. But since the decision in that case, and beginning with *People* v. *Levine,* 85 Cal. 39 [22 P. 969, 24 P. 631], the courts have consistently criticized and in some cases held to be prejudicially erroneous, any instruction which told the jury that evidence given in support of an alibi was to be "scrutinized otherwise or differently from that given in support of any other issue," or which suggested to the jury that the defendant must prove an alibi by a preponderance of the evidence, or that alibi evidence must satisfy the jury of the defendant's innocence, or that the jury must disparage or give less weight to alibi evidence than to other evidence. (See *People* v. *Lattimore,* 86 Cal. 403 [24 P. 1091] ; *People* v. *Roberts,* 122 Cal. 377 [55 P. 137] ; *People* v. *Winters,* 125 Cal. 325 [57 P. 1067] ; *People* v. *Smith,* 189 Cal. 31 [207 P. 518] ; *People* v. *Arnold,* 199 Cal. 471 [250 P. 168] ; *People* v. *Johnson,* 203 Cal. 153 [263 P. 524] ; *People* v. *Wing,* 31 Cal.App. 785 [161 P. 759] ; *People* v. *Purio,* 49 Cal.App. 685 [194 P. 74] ; *People* v. *Barr,* 55 Cal.App. 321 [203 P. 827] ; *People* v. *Girotti,* 67 Cal.App. 399 [227 P. 936] ; *People* v. *Nichols,* 69 Cal.App. 214 [230 P. 997] ; *People* v. *Hammer,* 74 Cal.App. 345 [240 P. 56] ; *People* v. *Garrett,* 93 Cal.App. 77 [268 P. 1071] ; *People* v. *Thorp,* 104 Cal.App. 379 [285 P. 916] ; *People* v. *Gist,* 28 Cal.App.2d 287 [82 P.2d 501].)

In the Levine case it was said that had the verdict turned upon the truth or falsity of the evidence given in support of the defense of alibi, the court would be inclined to hold that the instruction was erroneous to a degree entitling the defendant to a reversal of the judgment "for," said the court, "the defense of *alibi* is, in our judgment, not one re-

quiring that the evidence given in support of it should be scrutinized otherwise or differently from that given in support of any other issue in a cause." In *People* v. *Lattimore* the court referred to the Levine case and said: "We again repeat that the defense of *alibi* is 'not one requiring that the evidence given in support of it should be scrutinized otherwise or differently from that given in support of any other issue in the cause'; and we may add that if trial courts will cease to give this particular form of instruction, the ends of justice will be equally as well subserved, and the administration of the laws less embarrassed."

In the Roberts case we find this language: "When a jury is told that any particular fact must be established to their satisfaction, such statement can only mean that such fact must be established at least by a preponderance of evidence; yet there is no such burden cast upon a defendant charged with a crime, except in certain particular instances which are in no sense presented here. It is for the people to make a case against the defendant beyond a reasonable doubt, and the element of alibi is included in the case which the law demands the people to make out, equally with all other parts of it. . . . It is thus apparent that the alibi, to be efficacious to a defendant, need not be 'satisfactorily proven,' and need not be established to the satisfaction of the jury." In the Garrett case the court quoted the language from the Lattimore case and said: "There is no reason why evidence tending to show that at the time of the commission of the offense the defendant was at another place than that at which it was committed so that he could not have been a party thereto should be scrutinized differently from any other proof."

In the Girotti case the court repeated the language from *People* v. *Levine, People* v. *Lattimore,* and *People* v. *Roberts,* and added: "The instruction not only casts an unwarranted burden upon the defendant but casts suspicion upon his defense and the evidence produced in support thereof. It is essentially an argument against the defendant, legitimate if made by the district attorney, but an invasion of the province of the jury when made by the court. . . . The instruction should never be given." The criticism voiced in the foregoing cases·was referred to in *People* v. *Arnold,* and in *People* v. *Nichols.* In the Arnold case this court took oc-

casion to say to district attorneys who continue to offer and to trial courts who continue to give the criticized instruction, "that in so doing they assume an unnecessary risk." In the Johnson case it was remarked that the instruction reviewed in the Arnold case was given "in the instant case notwithstanding the observation we made in the case last cited." The note of warning was again sounded in *People* v. *Gist*. It was observed in the Thorp case that the instruction on alibi was similar to that given in the Lee Gam case. The court, citing the Roberts, Smith, Arnold and Girotti cases said: "This instruction has been criticized in many cases and should not be given."

It is difficult to understand why the severely criticized instruction still is utilized by district attorneys and trial courts in cases involving alibi evidence. If the repeated disregard of the reviewing courts' adverse criticism of the instruction is prompted by the hope that in the particular case the court will conclude that the instruction has not prejudiced the defendant's rights, the hope is not commensurate with the risk of reversal. It may not be assumed that the failure to heed the admonitions of the reviewing courts is due to ignorance of the repeated and uniform denunciation of the instruction. In view of the consistent criticism to which it has been subjected both before and after the adoption of section 19 of article VI of the Constitution in 1934, the instruction cannot be deemed a justifiable comment by the judge "on the evidence and the credibility of a witness" as contemplated by the constitutional amendment. The instruction did not purport to be such a comment. It purported to be a statement of the law but in reality it was a misstatement of the law.

It is elemental that in criminal cases the prosecution must prove the defendant's guilt beyond a reasonable doubt. If the defendant introduces evidence of an alibi which is sufficient to create a reasonable doubt in the minds of the jury and it does create such a doubt, he is entitled to a verdict of acquittal. Thus, where the evidence of alibi conflicts with the evidence connecting the defendant with the crime and an instruction is given which deprives the jury of its freedom of judgment on the weight to be accorded alibi evidence, or on the credibility of witnesses testifying to the facts of alibi, error is committed which is prejudicial to the defendant's rights. A suggestion may not

be made to the jury that an alibi must be proved by a preponderance of the evidence, or that alibi evidence must satisfy the jury of the defendant's innocence, or that the jury must give less credit to testimony of alibi witnesses, or more careful scrutiny or less weight to alibi than to other evidence in the case. It is obvious that in cases where the defendant's own testimony supports the verdict of guilty (*People* v. *Hammer*, 74 Cal.App. 345 [240 P. 56]), or where there is no evidence in support of the alibi (*People* v. *Smith*, 189 Cal. 31 [207 P. 518]; *People* v. *Johnson*, 203 Cal. 153 [263 P. 524]), the giving of an erroneous instruction on the subject of alibi should not be held to prejudice the rights of the defendant. But in cases where the evidence raises a conflict it may not properly be said that the harm resulting from the giving of such an instruction is overcome by general instructions so as to justify on that ground alone an affirmance pursuant to section 4½ of article VI of the California Constitution. (See *People* v. *Garrett*, 93 Cal.App. 77 [268 P. 1071]; *People* v. *Nichols*, 69 Cal.App. 214 [230 P. 997]; *People* v. *Girotti*, 67 Cal.App. 399 [227 P. 936]; *People* v. *Thorp*, 104 Cal.App. 379 [285 P. 916].)

In the present case the giving of the instruction complained of was prejudicial error. There was before the jury evidence of an alibi. The defendant's testimony did not connect her with the crime. The prosecution failed to show, except by conjecture, that the car driven by the person who committed the theft was the car belonging to the witness Allen, or that Allen, assuming that he was the owner, had permitted the defendant to use the vehicle on the night of the theft. The defendant was entitled to have the benefit of the weaknesses developed in the prosecution's case and to the benefit of her own evidence on the issue of alibi, uninfluenced by the erroneous instruction.

In view of the foregoing it becomes unnecessary to consider the objectionable rulings on the admission of certain impeaching evidence introduced by the prosecution. Such errors are not likely to recur in the event of another trial.

The judgment and order are reversed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Griffin, J. pro tem, concurred.