[Crim. No. 2417.   First Dist., Div. Two.   Dec. 4, 1946.]

THE PEOPLE, Respondent, v. DILLARD E. PORTER, Appellant.

Dillard E. Porter, in pro. per., Leo A. Sullivan and Everett E. Power for Appellant.

Robert W. Kenny, Attorney General, Carl W. Wynkoop and Edward F. Dullea, Deputy Attorneys General, Ralph E. Hoyt, District Attorney, and Arthur Sherry, Deputy District Attorney, for Respondent.

DOOLING, J.—Appellant was convicted by a jury of two felonies, burglary of the first degree and a violation of section 288a of the Penal Code, and the jury further found two prior convictions of felonies as charged in the information. After the opening brief was filed appellant by letter discharged his attorney and on October 28, 1946, appellant filed a verified document with this court alleging various claimed acts of misconduct upon the part of his attorney by reason of which he alleged that he was prejudiced in the trial court and on his

appeal. He was notified by letter mailed the same day that if he desired to file an additional opening brief he should forward a letter to the clerk asking for time to do so. No reply has been received to this letter, and for that reason we now feel justified in acting upon his appeal, which had been placed upon our November calendar before October 28, 1946, and was ordered submitted on November 12.

The complaining witness, Mrs. G., was staying at a friend's house in Berkeley on the night of October 23, 1945. She was sleeping on a davenport in the living room and was alone in the house. About 3 a. m. she was awakened and saw a man in the room clad only in a dark colored turtle-neck sweater which extended somewhat below his waist. The man spoke to her and suggested that she let him commit the act upon her person denounced by Penal Code, section 288a. She resisted but after a struggle he accomplished his purpose. He then went into the bathroom and Mrs. G. fled to a neighbor's house and notified the police. While she was standing on the neighbor's porch she saw her assailant leave the house, still clad only in the sweater. Fifty-two dollars was found missing from Mrs. G's purse.

Later that morning the police arrested the appellant. He denied his guilt and said that he had spent the whole night at an all night show in Oakland. A turtle-neck sweater was found in the trunk of appellant's automobile which Mrs. G. identified as similar to the one worn by her assailant. A peculiarly shaped knife was found in appellant's home which Mrs. G. testified looked like a knife carried by her assailant. At the police station she heard appellant speak before she had seen him there and identified his voice as that of her assailant. She positively identified appellant at the trial but it was shown that at the preliminary hearing her identification had been less positive and the assault upon her was committed in a dark room lighted only by a flashlight carried by the intruder.

A sweater worn by Mrs. G. over her night dress, her bedclothes, appellant's sweater, the knife, a portion of a window sill from the house in which Mrs. G. was assaulted with a depressed mark on it, scrapings from Mrs. G's finger nails, samples of her hair, a piece of dark fuzz which Mrs. G. combed from her head the day following the assault and a comb taken from appellant were all delivered to Dr. Kirk, a professor of biochemistry and advisor in criminology. Dr. Kirk testified

that he found on appellant's sweater hairs similar to those of Mrs. G. and wool fibers identical in texture and colors to those found in the bedclothes and in Mrs. G's sweater; he found on the bedclothes and Mrs. G's sweater hairs similar to those taken from appellant's comb and wool fibers similar in texture and color to the wool of appellant's sweater; he found on both sweaters identical red cloth fibers not found in any object submitted to him; he found in Mrs. G's finger nail scrapings wool fibers that matched the wool in appellant's sweater and the tuft combed from Mrs. G's head also matched appellant's sweater. He also determined by tests that the mark in the window sill was made with the knife found in appellant's home.

Appellant and several witnesses testified that he was playing cards at the home of friends on the night in question and was constantly with them until a time later than the time when the crimes were committed.

The above recital establishes that the judgments of conviction, although based largely on circumstantial evidence, find support in the evidence. Because of appellant's claim that his attorney was not properly representing him we have very carefully examined the transcript and find no support therein for appellant's charge of misconduct or neglect. The trial was fairly conducted and the jury was properly instructed. We note that the proper charge was given on the effect to be given circumstantial evidence by the jury as required by *People* v. *Bender,* 27 Cal.2d 164 [163 P.2d 8], and that the jury was also properly instructed on alibi evidence that if it left the jury with a reasonable doubt of defendant's guilt they should acquit him. (*People* v. *Costello,* 21 Cal.2d 760 [135 P.2d 164].)

The judgments appealed from are affirmed.

Nourse, P. J., and Goodell, J., concurred.