[Crim. No. 2417. First Dist., Div. Two. Apr. 20, 1949.]

THE PEOPLE, Respondent, v. DILLARD E. PORTER, Appellant.

Dillard E. Porter, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

DOOLING, J.—The defendant was convicted of burglary and a violation of section 288a, Penal Code. The judgments of conviction were affirmed by this court on December 4, 1946. (*People* v. *Porter,* 77 Cal.App.2d 142 [174 P.2d 873].) No petition for rehearing or for hearing in the Supreme Court was filed and the remittitur was issued to the superior court in due course. Defendant, after the lapse of nearly a year and a half, on May 3, 1948, filed a petition in this court to recall the remittitur. The petition was submitted to this court and the submission was afterwards set aside to allow defendant to furnish certified copies of additional records to this court which he advised the court he was attempting to procure. Thereafter the defendant informed the court that he did not desire to use these additional records in support of his pending petition to recall the remittitur. The petition has accordingly been resubmitted so that the matter may be decided.

The petition is grounded on the claim that defendant was not properly represented by his attorney on the appeal and that for that reason this court did not consider certain matters occurring at the trial which he now asserts to have been prejudicial and he also seeks to reopen the matter of the sufficiency of the evidence to support the judgments. This court fully considered the latter claim in our original opinion. The other asserted errors concern the expert testimony by which defendant alleges that he was taken by surprise and which he claims he was not afforded time to secure other expert evidence to rebut and certain other claims of prejudicial misconduct. These points were not urged on the original appeal and petitioner seeks to urge them now on the ground that his attorney improperly failed to present them. In this respect the following appears in the original opinion filed in this case (*People* v. *Porter, supra,* 77 Cal.App.2d 142-143) :

"After the opening brief was filed appellant by letter discharged his attorney and on October 28, 1946, appellant filed a verified document with this court alleging various claimed acts of misconduct upon the part of his attorney by reason of which he alleged that he was prejudiced in the trial court and on his appeal. He was notified by letter mailed the same day that if he desired to file an additional opening brief he should forward a letter to the clerk asking for time to do so. No reply has been received to this letter, and for that reason we now feel justified in acting upon his appeal . . . ."

Petitioner now asserts in an unsworn document, although he filed an affidavit in support of his petition, that he was unable to get another attorney to represent him or to get any further cooperation from his discharged attorney, but he furnishes no explanation why he made no reply to the clerk's letter or further request for time to the court and he does not attempt to explain his long delay in filing the present petition. The petition might well be denied on the ground of laches.

However because petitioner is now appearing in propria persona we have reexamined the transcript in view of his new contentions and find no merit in them. The facts with regard to the expert evidence of the witness Kirk as shown by the transcript are: This witness was produced on a Thursday. On that day defendant's attorney announced that he intended to ask for a continuance to procure an expert to examine the articles which were the basis of Kirk's testimony. On Friday the transcript shows a colloquy between the trial judge and defendant's attorney in which the court reminded defense counsel that on the previous day he had stated that he would allow the defense until Monday, and no longer, to procure an expert if desired. On Monday the trial resumed and the entire day was spent in examining defense witnesses. Counsel did not again refer to the matter of a defense expert, make any statement whether one had been secured or whether any effort had been made to secure one, nor ask for any additional time for that purpose. On Monday night the defense rested and on Tuesday morning the court commenced to instruct the jury. Again nothing was said of a defense expert nor was any showing attempted to be made as a basis for continuing the cause further for that purpose. Under the circumstances no abuse of the discretion of the trial court is shown and we need not consider what the rights of a

defendant may be as to a continuance to meet testimony which takes him by surprise, because in the absence of any further motion or showing on the subject than was made herein no error can be claimed to have occurred.

The other new points are equally without substance, which may well be the reason for discharged counsel's failure or refusal to urge them.

Motion to recall remittitur denied.

Nourse, P. J., and Goodell, J., concurred.