[No. 10,661—Department One.]

THE PEOPLE *v.* TRENEY C. MARSHALL ET AL.

ABDUCTION—EVIDENCE—TAKING—DEFINITION.—The defendants were accused and convicted of the crime of taking a girl, named Helen A., under eighteen years of age, from the custody, and without the consent, of her mother, for the purpose of prostitution; and upon appeal, it was objected, that there was no proof of the "taking" of the girl, within the meaning of the statute under which the prosecution was had, and for the purpose charged.

*Held,* Neither the language nor the intent of the statute requires that the "taking" should be by force, but both are satisfied if it is accomplished by improper solicitations or inducements.

ID.—ID.—CIRCUMSTANTIAL EVIDENCE.—Nor is it necessary that there should be express testimony to the fact that the taking was for the purpose of prostitution. Acts are the surest indications of one's purpose.

ID.—ID.—BURDEN OF PROOF—REASONABLE DOUBT—INSTRUCTIONS.—The Court instructed the jury as follows: "The defendants in this case justify their actions on the ground, that the defendant Cordero and Helen Armand were engaged to be married, and that he took her away to Oakdale for the purpose of marrying her. It devolved upon the defendants to prove, by a preponderance of evidence, that the defendant Cordero and Helen Armand were engaged to be married, and that the defendant Cordero took her to Oakdale for the purpose of marrying her,

and that it was his intention in good faith to marry her. If you so be-
lieve, from the evidence, it is your duty to acquit the defendants."
*Held,* In giving this instruction, the Court below erred, to the prejudice
of the defendants. It is a cardinal rule, in criminal cases, that the bur-
den of proof rests on the prosecution. It would manifestly be shifting
this burden from the prosecution to the defendant, to require the latter
to establish his defense by a preponderance of evidence, and would de-
prive him of the doctrine of reasonable doubt, to the benefit of which he
is justly and everywhere held entitled.

BAIL AFTER CONVICTION—HABEAS CORPUS.

APPEAL from a judgment of conviction and from an order
denying a new trial, in the Superior Court of Tuolumne
County.  ROONEY, J.

An application was made to this Court upon a writ of *habeas
corpus* to be admitted to bail, after conviction, and denied, on
the authority of *Ex parte Smallman,* 54 Cal. 35, and *Ex
parte Marks,* 49 id. 681.

*Dorsey & Nicol,* for Appellants.

In the absence of any proof that the purpose of the abduc-
tion was prostitution, the charge failed, and the defendants
should have been acquitted. (*Osborn* v. *State,* 1 Am. Cr. R.
25, 28.) The evidence also shows that the girl was not ab-
ducted or taken away, in the sense that the word "taking" is
used in the Penal Code. (Russ. on Crimes, 9th ed., 955, 956.)
One of the instructions was to the effect, that the defendant
Cordero set up as a defense, that he was engaged to be mar-
ried to Helen Armand, the abducted girl, and that it was
incumbent on him to prove, by a preponderance, that he was
so engaged, in order that this defense should be available.
This was certainly error. The charge as given evidently de-
prived the defendant of the benefit of a reasonable doubt.
(*People* v. *Flanagan.*)

*A. L. Hart,* Attorney General, for Respondent.

What the purpose of the defendants was, in taking the
girl to Oakdale, is to be inferred from their actions and the
character of the houses visited. (Bishop's Statutory Crimes,
637; *Slocum* v. *The People,* 90 Ill. 274; *Regina* v. *Baillie,* 8
Cox's C. C. 238; *Regina* v. *Timmins,* id. 401.)

Ross, J.:

The defendants were accused and convicted of the crime of taking a girl named Helen Armand, under eighteen years of age, from the custody and without the consent of her mother, for the purpose of prostitution. If the testimony on the part of the State was true, there was ample proof of the "taking" of the girl within the meaning of the statute under which the prosecution was had, and for the purpose charged. Neither the language nor the intent of the statute requires that the "taking" should be by force, but both are satisfied if it is accomplished by improper solicitations or inducements. Nor is it necessary that there should be express testimony to the fact that the taking was for the purpose of prostitution. Acts are the surest indications of one's purpose. When a girl is surreptitiously taken from her mother's roof by a prostitute and those who keep company with her, and conducted to a house of prostitution, the fair and reasonable inference is, that she is taken there for the purpose of prostitution. But while the evidence on the part of the people, if true, was ample to justify a verdict of guilty, yet there was testimony on behalf of the defendants tending to show that the defendant, Cordero, and the girl, Helen, were engaged to be married, and that he took her from her mother for the purpose of marrying her. And in respect to this defense the Court below instructed the jury as follows: "The defendants in this case justify their actions on the ground that the defendant Cordero and Helen Armand were engaged to be married, and that he took her away to Oakdale for the purpose of marrying her. It devolves upon the defendants to prove by a preponderance of evidence that the defendant Cordero and Helen Armand were engaged to be married, and that the defendant Cordero took her to Oakdale for the purpose of marrying her, and that it was his intention in good faith to marry her. If you so believe from the evidence, it is your duty to acquit the defendants."

In giving this instruction the Court below erred to the prejudice of the defendants. It is a cardinal rule in criminal cases that the burden of proof rests on the prosecution. It would manifestly be shifting this burden from the prosecu-

tion to the defendant, to require the latter to establish his defense by a preponderance of evidence, and would deprive him of the doctrine of reasonable doubt, to the benefit of which he is justly, and everywhere held, entitled. Where the defense is insanity, an exception is made to the rule, but the present case does not come within that exception, nor within the reason on which it is based.

For the error committed in the particular mentioned, the judgment and order must be reversed. So ordered.

McKINSTRY and McKEE, JJ., concurred.