[Crim. No. 6825. Fourth Dist., Div. One. Apr. 12, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
RICK MITCHELL GRAHAM, Defendant and Appellant.

**COUNSEL**

Harold F. Tyvoll and Fredric G. Dunn, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Karl J. Phaler, Harley D. Mayfield and Susan V. Cook, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Rick Mitchell Graham appeals a judgment following a jury trial in which he was convicted of second degree robbery (Pen. Code, § 211). He was sentenced to prison for the term prescribed by law.

On September 15, 1973, Graham entered Bob's Dari Fresh, looked around and left. He returned in a few minutes and shopped. Instead of paying after the sale had been rung up, he told the clerk "Put the money in my hand." The clerk did not understand what he meant until he displayed a knife. Then she emptied the bills from the till into his hand.

One of Graham's defenses was he had acted under duress. Graham claimed an acquaintance named "John," a heroin user in need of a fix, had pulled a gun on him and told him to rob the store or else he, Graham, his girlfriend and her child would be killed. The clerk from the Dari Fresh testified Graham had returned to the scene shortly after

committing the crime, handed her a sack full of groceries with a bunch of money sticking out and said "he was sorry he had to do it . . . he was made to do it" and "he had to do it or his wife would be killed." Graham then started to leave but changed his mind after he heard the police had been called and stayed waiting for them to arrive. Another witness to this interlude testified generally to the same effect adding she was not afraid of Graham because she believed his story. ■ In instructing the jury, the trial court placed on Graham the burden of proving by a preponderance of the evidence that the crime was committed under duress. Graham contends this burden should have been placed on the prosecution.

There are no California cases on whom the burden of proof rests with respect to duress; however, this defense has in dictum been analogized to those of unlawful arrest (*People* v. *Agnew,* 16 Cal.2d 655, 665-667 [107 P.2d 601]), alibi (*People* v. *Costello,* 21 Cal.2d 760, 765-766 [135 P.2d 164]), unconsciousness (*People* v. *Hardy,* 33 Cal.2d 52, 63-66 [198 P.2d 865]), and intent to marry in a case of taking a female for purposes of prostitution (*People* v. *Marshall,* 59 Cal. 386, 388-389). In each of these instances the accused's defense is a factual contention which, if proven, tends to negate an element of the crime charged; in each instance the accused carries the burden of raising a reasonable doubt as to the existence or nonexistence of this fact (see *People* v. *Tewksbury,* 15 Cal.3d 953, 963-964, fn. 9 [127 Cal.Rptr. 135, 544 P.2d 1335]). The trial court erred in instructing the jury the burden of showing duress by a preponderance of the evidence was on Graham. Rather, Graham had only to raise a reasonable doubt he had acted in the exercise of his free will.

Was the trial court's error prejudicial to Graham? A review of the record shows there was evidence from several sources which, if believed by the jury, would cast doubt on the voluntariness of Graham's acts and lead to his acquittal. The error was prejudicial.

The judgment is reversed.

Ault, J., and Cologne, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 9, 1976.