[No. A025020. Sixth Dist. Jan. 18, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DALLAS MOONCHILD WATERS, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Only the introductory paragraph, all of part 1, Instruction on the Affirmative Defense, and the disposition are certified for publication. (Cal. Rules of Court, rule 976.1.)

COUNSEL

Leslie E. Neve, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Herbert F. Wilkinson and Margo J. Chinn, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BRAUER, J.**—A jury convicted defendant of escape from a county jail in violation of Penal Code section 4532, subdivision (a). He was sentenced to one year and one day in state prison. At trial, he raised the affirmative defense of necessity; and he appeals claiming error in an instruction that he had the burden of establishing the defense by a preponderance of the evidence. A second ground for appeal; namely, that he was deprived of the effective assistance of counsel at the sentencing hearing, does not raise questions whose discussion merits publication.

## 1. Instruction on the Affirmative Defense

The defense of necessity which justifies escape in order to evade forcible sexual attack or serious bodily injury in the immediate future was carved out in *People* v. *Lovercamp* (1974) 43 Cal.App.3d 823 [118 Cal.Rptr. 110, 69 A.L.R.3d 668] as a matter of public policy and out of regard for the court's own dignity and in the exercise of its duty to formulate and apply proper standards for judicial enforcement of the criminal law. The very limited circumstances under which the defense is available were clearly spelled out in *Lovercamp* and need not be repeated here.

*People* v. *Condley* (1977) 69 Cal.App.3d 999, 1008-1009 [138 Cal.Rptr. 515], cert den. (1977) 434 U.S. 988 [54 L.Ed.2d 483, 98 S.Ct. 619] held that the defendant has the burden of establishing the defense of necessity by a preponderance of the evidence. To the same effect, see generally *People* v. *Tewksbury* (1976) 15 Cal.3d 953 [127 Cal.Rptr. 135, 544 P.2d 1335]. Defendant does not deny that the jury was correctly instructed in accordance with the rules laid down in *Lovercamp* and *Condley*.

His claim of error is based on the later case of *People* v. *Roder* (1983) 33 Cal.3d 491 [189 Cal.Rptr. 501, 658 P.2d 1302]. He insists that *Roder* lowered his burden of proof from preponderance to merely raising a reasonable doubt as to his guilt.

In *Roder,* a prosecution for receiving stolen property, the jury was instructed in accordance with Penal Code section 496 that if it found certain facts to exist, it must presume one of the elements of the offense; namely, that defendant had the requisite guilty knowledge. The high court invalidated the mandatory presumption, holding that it unconstitutionally relieved the People of its burden to prove every element of the offense beyond a reasonable doubt.

We note that the holding is clearly limited to the elements of the offense. Not only does Justice Kaus make reference to that fact in several parts of the opinion (*People* v. *Roder, supra,* 33 Cal.3d at pp. 499 and 504), but in his summation he states unequivocally ". . . the trial court should fashion an . . . instruction which . . . makes clear that the prosecution retains the burden of proving every element of the offense beyond a reasonable doubt." (*Id.* at p. 507.) *Roder* relied entirely on United States Supreme Court decisions interpreting the due process clause of the Fourteenth Amendment. Those decisions draw a clear demarcation line between elements of the offense and affirmative defenses. The clearest expression is found in *Patterson* v. *New York* (1977) 432 U.S. 197, 210 [53 L.Ed.2d 281, 292, 97 S.Ct. 2319]: "We thus decline to adopt as a constitutional imperative, operative

countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. . . . We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the nonexistence of all affirmative offenses has never been constitutionally required. . . .''

█ The elements of the crime of escape (Pen. Code, § 4532 subd. (a)) are that the defendant 1) had been arrested for or convicted of a crime, 2) was confined in a penal institution, and 3) escaped. The jury was correctly instructed in the case at bench that the People had the burden of proving each of those elements beyond a reasonable doubt; indeed, the defendant stipulated to the presence of all three elements. ██ Necessity is an affirmative public policy defense, in effect a plea in avoidance and justification, which comes into focus only after all elements of the offense have been established. *Tewksbury, supra,* 15 Cal.3d 953, and *Condley, supra,* 69 Cal.App.3d 999, hold that defendant has the burden of proof to a preponderance; and *Roder* left *Tewksbury* and *Condley* unimpaired.

. . . . . . . . . . . . . . . . . . . . . . . .*

The judgment is affirmed.

Panelli, P. J., and Agliano, J., concurred.

---

*See footnote 1, *ante,* page 935.